UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE BUTLER,

        Plaintiff,

-vs-

UNITED STATES OF AMERICA,

        Civil Action No. 23-cv-8984

        Defendant.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

ELEFTERAKIS, ELEFTERAKIS & PANEK

Andrey Demidov, Esq.
*Attorneys for Plaintiff, Stephanie Butler*
80 Pine Street, 38th Floor
New York, New York 10005
T: (212) 532-1116
E-mail: Ademidov@eeplaw.com

## PRELIMINARY STATEMENT

This memorandum of law is submitted by Plaintiff, STEPHANIE BUTLER (hereinafter "Plaintiff" or "Butler") by her attorneys, Elefterakis, Elefterakis & Panek in opposition to the motion filed by Defendant UNITED STATES OF AMERICA (hereinafter "Defendant" or "USA") seeking an order dismissing the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

This is an action for serious personal injuries sustained by Plaintiff, Butler, as a result of a trip and fall incident that occurred on November 14, 2021, at the sidewalk adjacent to the premises located at 341 9th Avenue, County of New York, State of New York. Specifically, the sidewalk of West 30th Street between 9th and 10th Avenues in the County of New York, State of New York. At the time of the incident, Plaintiff was caused to trip and fall on a piece of wooden hardware that was affixed to the sidewalk abutting the premises owned and operated by the United States Postal Service (hereinafter "USPS"), an agency of the Defendant.

It is undisputed that Defendant, USA, through an agency, the USPS, owned the subject premises and operated a post office at the premises on the date of the incident. The Defendant admitted in their Answer to Plaintiff's Complaint, dated April 3, 2024, that USPS owned and operated a postal facility located at 341 9th Avenue, New York, New York, on the date of the incident, November 14, 2021. *See* Defendant's Answer ¶ 30, Dkt. No. 22.

The Defendant now files the instant motion, arguing that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because the affixed wood that caused Plaintiff's incident was placed in connection with construction work on the building that was, according to the Defendant, the sole responsibility of nonparty 341 Ninth Avenue LLC, who Defendant alleges is an independent contractor of the USPS.

Plaintiff's First Cause of Action in her Complaint alleges that the Defendant was negligent

1

in that it violated its duties in knowingly permitting, suffering and allowing the subject premises to become and remain in a defective, unsafe, trap like and dangerous condition and was further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforementioned premises. *See* Plaintiff's Compl., Dkt. No. 1.

Defendant's motion must be denied for several reasons. First, Defendant failed to demonstrate that an independent contractor directed the wooden hardware to be affixed to the subject sidewalk, nor that an independent contractor did the actual act of affixing the wooden hardware, and failed to demonstrate that no USPS employees supervised, directed, and otherwise participated in the affixing of the wooden hardware to the subject sidewalk.

Simply put, there remain questions of fact as to whether a government employee, working for USPS, caused, created, or had notice of and failed to warn Plaintiff of the dangerous condition that caused the incident and Plaintiff's injuries.

Second, Defendant completely ignores so much of Plaintiff's claim that the Defendant owed duties to keep its property safe and that the Defendant breached these duties because its employees knew or should have known of an ongoing unsafe and dangerous condition on the Defendant's property and failed to remedy and/or warn of same which caused and/or contributed to Plaintiff's incident. Contrary to Defendant's arguments, Plaintiff's claim against the Defendant, USA, is not strictly based on the acts and/or omissions on the part of a supposed "independent contractor." Rather, Plaintiff claims that Defendant's employees acted, and/or failed to act, in a negligent manner that caused and/or contributed to the Plaintiff's incident.

Lastly, there has been no discovery in this matter. Plaintiff submits that discovery will potentially demonstrate: that Defendant's employees were involved in the oversight and supervision of the ongoing work that was being performed around the active post office location

that was owned and operated by the Defendant, that Defendant's employees did in fact inspect or should have inspected the area where the subject incident occurred prior to the subject incident; and that the Defendant failed to take any steps to provide warning(s) and/or notice(s) to persons using the subject sidewalk of dangerous or defective conditions. Discovery will also show what, if any, communication occurred between the Defendant and the independent contractors who were performing work at Defendant's premises around the time of the incident. The aforementioned discovery will show whether Defendant was negligent in carrying out its duties to maintain and/or control the subject premises in a safe manner, which is separate and distinct from the duties of any of any "independent contractor," which caused and/or contributed to Plaintiff's incident.

## ARGUMENT

**1) Defendant has offered no evidence to support its self-serving conclusion that the FTCA bars Plaintiff's claim because an "independent contractor' was negligent and caused Plaintiff's incident and Defendant's motion is premature.**

The crux of Defendant's argument is that provisions of the Federal Tort Claims Act, specifically 28 U.S.C. 2671, do not permit the Government to be held liable for acts done by an independent contractor. *See* Defendant's Memo. ¶ 1. Plaintiff would first like to point out that despite that 341 Ninth Avenue LLC is one of Defendant's tenants, as per the copy of the outlease they provided, Defendant constantly refers to 341 Ninth Avenue LLC as "an independent contractor of the United States Postal Service." *See* Defendant's Memo. ¶ 1. As per the outlease, the entity 341 Ninth Avenue LLC was leasing a portion of the building that was owned by the Defendant; the portion of the building that was being leased is outlined in the "Demised Premises" section of the outlease provided by the Defendant. *See* Rouse Decl. Ex. A. pg. 16.

In further support of its motion, Defendant attached a Declaration of David P. Rouse, an employee of USPS who does not have any personal knowledge as to the happening of Plaintiff's

3

incident and who according to his own declaration was hired as a director of Facilities Real Estate and Assets in May of 2022, 6 months after Plaintiff's incident. Mr. Rouse's declaration makes a speculative, self-serving, and unsupported allegation that the piece of wood that was affixed to the sidewalk was done so in connection with construction work that was being performed on the exterior of the subject premises. *See* Rouse Decl. ¶ 6. Mr. Rouse does not reference any evidence that supports his allegation and does not provide any details as to what type of work was being performed on the exterior of the subject premises so as to somehow support his averments, or show personal knowledge. See Zappia v Emirate of Abu Dhabi, 215 F.3d 2000 (2d Cir. 2000); Kamen v American Tel. & Tel. Co., 791 F.2d 1006 (2d Cir. 1986) ("In accord with principles of fundamental fairness . . . it was improper for the district court, in ruling on the 12(b)(1) motion, to have considered the conclusory and hearsay statements contained in the affidavits submitted by defendants, and to deny plaintiff limited discovery on the jurisdictional question."); Exchange Nat'l Bank v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir.1976) (on 12(b)(1) motion to dismiss, party cannot rest on conclusory allegations that factual disputes exist).

    In the matter herein, there has been virtually no discovery exchanged and zero depositions have been held. As discussed in Plaintiff's preliminary statement, there are several categories of discovery that would directly speak to Plaintiff's arguments that Subject Matter Jurisdiction exists, discovery that is exclusively within the knowledge of the movant and not otherwise accessible to the Plaintiff. It has been held that ordering of jurisdictional discovery is proper where the Plaintiff identified that a question of jurisdictional fact exists. *See* Wilson & Wilson Holding LLC v. DTH, LLC, 673 F. Supp. 3d 409, 414 (S.D.N.Y May 15, 2023); also see Haskin v. U.S., 569 Fed. Appx. 12 (2014).

    In the matter herein, discovery as to any communication between employees of USPS, the

tenant, and the contractors working on the subject premises is vital to establish what involvement the Defendant had in affixing the wooden hardware to the subject sidewalk. Discovery would also shed light on what inspections of the sidewalk, if any, the Defendant conducted as a landlord and further establish any notice or negligent conduct by Defendant's employees in failing to properly inspect and remedy a dangerous condition on the sidewalk abutting their building.

At this time, the only piece of discovery that was exchanged in an agreement between the Defendant and its tenant, 341 Ninth Avenue LLC. Thus, presently, the type, extent, and scope of the work was being performed on the exterior of the building is unclear, as is who/what caused the scaffolding to be erected on the outside of the building near the area of Plaintiff's incident. See Gualandi v. Adams, 385 F.3d 236 (2d Cir. 2004) ("[C]ourts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party.").

Given the paucity of discovery available to date, it would be wholly unwarranted to grant Defendant's premature motion and deny Plaintiff a fair opportunity to conduct some meaningful discovery here. See Kamen v American Tel. & Tel. Co., 791 F.2d 1006 (2d Cir. 1986).

Defendant claims that as per the agreement, 341 Ninth Avenue LLC would be entirely responsible for site conditions resulting from its construction work, including "the condition of the sidewalk," they reference § 7.07 of the outlease in support. See Defendant's Memo. ¶ 2. The section referenced by the Defendant, § 7.07, is silent as to any duties involving the sidewalk of the subject premises. See Rouse Decl. Ex. A. pg. 78. What is clear from the outlease, is that the landlord had to review and approve any work that is to be done around the area of public walkways around the subject premises. See Rouse Decl. Ex. A. pg. 231. Plaintiff has not been provided any work proposals submitted to the Defendant, as the landlord, for Defendant's review and approval;

5

it is quite possible that the Defendant reviewed and approved the affixing of the wooden hardware that caused Plaintiff's fall.

Furthermore, Mr. Rouse stated in his declaration that he was informed by "Tishman Speyer," that they retained contractors to work at the subject premises. It is not clear from any of Defendant's papers or Mr. Rouse's declaration as to who Tishman Speyer is and whether it is an individual or an entity. This further supports an argument that it is too early in discovery and that Defendant's motion is premature and that its prejudicial to have the Plaintiff's defendant against a motion to dismiss without being able to obtain construction records and depose witnesses with knowledge of the construction work being performed at the subject premises.

Lastly, Mr. Rouse's declaration maintains that USPS was not responsible for the oversight of its tenant's project and that the work was being performed in the area of the premises being leased by the tenant, 341 Ninth Avenue, LLC. *See* Rouse Decl. ¶ 9. It is clear from the outlease that the tenant, 341 Ninth Avenue, LLC, was leasing only a portion of the premises at the time of the subject incident. *See* Rouse Decl. Ex. A. pg. 16. Plaintiff's incident occurred outside of the building on the sidewalk adjacent to the property, which is not an area that was leased by 341 Ninth Avenue, LLC. Although USPS had a tenant leasing a portion of the premises, as will be discussed below, they remained liable and responsible to maintain the sidewalk in a safe condition.

2) **Defendant's motion completely ignores Defendant's duty as a landowner to maintain its premises in reasonably safe condition**

The Defendant in its moving papers completely ignores the duties of an owner of a property abutting a public sidewalk. Defendant entirely fails to mention or discuss the fact that New York City Administrative Code §§ 19-152 and 7-210 ("7-210") impose a duty to maintain an abutting sidewalk in a safe and hazard-free condition. Since Plaintiff's incident and the alleged negligence in the matter herein occurred in New York state, the substantive law of New York is applicable.

*See* Scott v. U.S., 2006 WL 302337 (S.D.N.Y Feb. 9, 2006)(claims brought under the Federal Tort Claims Act are determined "in accordance with the law of the place where the act or omission occurred"); *see also* Makarova v. United States, 501 F.3d 110 (2d Cir. 2000); Tzul v United States, 2014 WL 4773972 (E.D. N.Y 2014) ("Here, a local ordinance charges the United States, as the owner of the Kensington Post Office, with a duty to maintain the abutting sidewalk in 'a reasonably safe condition.' *See* N.Y. City Admin. Code § 7–210(a). The ordinance also imposes tort liability for injuries resulting from a breach of that duty. See § 7–210(b). Accordingly, defendant owed plaintiffs a duty to maintain the sidewalk abutting the post office in 'a reasonably safe condition.' Id.").Under New York law, a landowner has a duty to "act as a reasonable [person] in maintaining his or her property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." Cupo v. Karfunkel, 1 A.D. 3d 48 (2nd Dept 2003), quoting Basso v. Miller, 40 N.Y.2d 233, 241 (1976).

A decision issued by the Court of Appeals in Xiang Fu He v. Troon Management, Inc., 34 N.Y.3d 167 (2019), made abundantly clear that a property owner, who does not meet the exemptions found in 7-210(b), has a **nondelegable** duty to maintain in safe condition the sidewalks abutting their property and that failure to do so results in tort liability so long as Plaintiff can meet the ordinary requirements of a premises negligence claim (i.e., the existence of a dangerous condition, notice of the same, and the negligent failure to remove it). See Technology Ins. Co. v Philadelphia Indemnity Ins. Co., 642 F. Supp. 3d 445 (S.D. N.Y. 2022) (Section 7-210 "imposes a nondelegable duty on the owner of the abutting premises to maintain and repair the sidewalk.") (quoting Collado v. Cruz, 81 A.D.3d 542, 917 N.Y.S.2d 178, 179 (1st Dep't 2011); id. ("The New York courts reason that even if the landlord does not own the sidewalk and therefore cannot lease it, the duty to maintain it in

reasonably safe condition arises by virtue of its ownership of the leasable abutting premises. When the premises have been leased and an accident occurs by virtue of the failure of the sidewalk to be maintained, the landlord's liability arises as a result of its ownership of the leased premises . . . .").

Here, Defendant does not meet any such exemption in 7-210(b) since the premises at issue is not a one-, two-, or three-family residential building that is, in whole or in part, owner occupied and is used exclusively for residential purposes. To the contrary, it is undisputed that the premises is a commercial property used, *inter alia*, as a post office. Ergo, irrespective of any contribution or indemnification issues as between Defendant and a supposed independent contractor, the Defendant here had a **nondelegable** duty to maintain the sidewalk adjacent to its premises in a good and safe condition, which it failed to do since Plaintiff was undisputedly caused to trip and fall due to a wooden piece of hardware that had been affixed to the sidewalk near an entryway to the USPS postal office.

As the owner of the property at issue herein, Defendant had a duty to maintain it in a reasonably safe condition to prevent foreseeable injuries to occupants thereof, which Plaintiff was. Peralta v. Henriquez, 100 N.Y.2d 139 (2003); Kellman v. 45 Tiemann Assocs., 87 N.Y.2d 871 (1995); Basso v. Miller, 40 N.Y.2d 233 (1976). The duty requires them to act reasonably in maintaining their property. Basso v. Miller, supra, at 241.

The law dictates that reasonable care be utilized in the maintenance of the property, taking into account all circumstances such as the likelihood of injury to others, the seriousness of the injury, and the burden involved in avoiding the risk. *Id*. The law also places an obligation upon the land owner to "make reasonable efforts to inspect the property so as to determine the presence of dangerous conditions." Willis v. Young Men's Christian Assn. of Amsterdam, 28 N.Y.2d 375 (1971).

As referenced above, notice of New York City Administrative Code § 19-152 ("19-152") must be taken. The same reads as follows:

> Duties and obligations of property owner with respect to sidewalks and lots. a. The owner of any real property, at his or her own cost and expense, shall (1) install, construct, repave, reconstruct and repair the sidewalk flags in front of or abutting such property, including but not limited to the intersection quadrant for corner property . . . For the purposes of this subdivision, a substantial defect shall include any of the following:
>
> . . .
>
> 6. **hardware defects which shall mean (i) hardware or other appurtenances not flush within 1/2" of the sidewalk surface** or (ii) cellar doors that deflect greater than one inch when walked on, are not skid resistant or are otherwise in a dangerous or unsafe condition;

(emphasis added).

In the matter herein, Plaintiff tripped over a wooden piece of hardware that was affixed to the sidewalk adjacent to the subject building, which according to code section 19-152, is a substantial defect.

Moreover, while Defendant attempts to make itself appear as an out of possession landlord by constantly referencing the outlease agreement with 341 Ninth Avenue LLC, it is clear that at the time of Plaintiff's incident the Defendant was operating a USPS postal office at the subject location. *See* Defendant's Answer ¶ 30, Dkt. No. 22.

The District Court of the Northern District of New York faced as similar issue as in the matter herein in the case <u>Pelchy v. U.S</u>. 549 F.Supp. 2d 198 (N.D.N.Y, Mar. 12 2008). In Pelchy, the defendants similarly filed a motion to dismiss claiming that an independent contractor was contracted to maintain and repair the exterior of a U.S owned building where the plaintiff fell and that plaintiff's claims were barred by sovereign immunity because the USA cannot be held liable for the negligence of an independent contractor.

Unlike in <u>Pelchy</u>, the Defendant here apparently did not have a contract for the maintenance and repair of the exterior portions of the subject premises, including the sidewalks. Notwithstanding

that the Defendant in <u>Pelchy</u> did have a direct contract with an independent contractor for the maintenance of the area where Plaintiff's accident occurred, the court still denied defendant's motion. Like in the matter herein, the plaintiff in <u>Pelchy</u> also argued that negligence can arise from a United State's employee failure to remedy or warn of an alleged defect and dangerous condition that was present prior to Plaintiff's fall. *See* <u>Id</u> at 202.

The Court in <u>Pelchy</u> held that it was not clear if the contractor was responsible for the defective condition from the portions of the contract submitted by the government. *See Id*. Like in Pelchy, it is not clear what role the contractors who performed work at the subject premises had in affixing the wooden hardware and it is not clear, without discovery, as to any negligence by a USPS employee in failing to remedy or warn of an alleged defect and dangerous condition in the area where the Plaintiff, Stephani Butler, experienced a fall. The Defendant here was negligence in that its employees, who were on site and had or should have had prior sufficient notice of the dangerous and defective condition where Plaintiff fell, at the very least failed to take corrective actions and warn the Plaintiff of the dangerous condition.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion to dismiss.

Dated: New York, New York
       July 15, 2024

Respectfully submitted,

ELEFTERAKIS, ELEFTERAKIS & PANEK

_____
Andrey Demidov, Esq.
*Attorneys for Plaintiff*
80 Pine Street, 38th Floor
New York, New York 10005
T: (212) 532-1116
E-mail: Ademidov@eeplaw.com

10