

April 30, 2025

**Via ECF**
Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    *Stephanie Butler v. United States of America*
        No. 23 Civ. 8984 (GWG)**

Your Honor:

This office represents Plaintiff in the above-referenced action. Pursuant to Your Honor's directives set forth on March 10, 2025, I respectfully submit this status update concerning the ongoing efforts to complete depositions in the related State Court action, *Stephanie Butler v. 341 Ninth Avenue, LLC*, index no. 157690/2022.

Despite my office's continued and good faith efforts to conduct and complete the depositions of the State Defendants, we have encountered repeated delays that have been entirely outside of my office and Plaintiff's control. Counsel for the State Defendants has been made fully aware—on numerous occasions—of the deadlines set by this Court and the urgency of proceeding with Defendants' depositions. Unfortunately, the following sequence of events has hindered progress in completing Defendants' depositions since the issuance of Your Honor's last order:

1. On April 14, 2025, Udeyveer Brar, an attorney at my office, spoke with the State Defendants' counsel by telephone. Counsel confirmed that Defendants would appear for a deposition on April 22, 2025, as previously agreed upon by counsel for the all parties in the State action. At 3:47 PM the same day, Mr. Brar emailed Defendants' counsel memorializing the agreement and seeking written confirmation that Defendants' deposition would proceed as previously scheduled. The same was met with no response.

2. On April 21, 2025, Rumana Chowdhury, a paralegal at my office, emailed Defendants' counsel three consecutive times to confirm Defendants' deposition scheduled for the following day. At 1:40 PM, defense counsel replied stating that Defendants' deposition would not be proceeding the following day, without providing any reason.

**ELEFTERAKIS, ELEFTERAKIS & PANEK**
eeplaw.com   80 Pine Street, 38th Floor, New York, NY 10005   T: 212-532-1116   F: 212 532-1176

3. On April 22, 2025, at approximately 12:30 PM, Mr. Brar left a voicemail for Defendants' counsel requesting a call back and seeking a new date for Defendants' deposition. At 12:34 PM, Mr. Brar emailed Defendants' counsel following up and left a detailed voicemail. At 8:49 AM the next day, after receiving no response to his email, Mr. Brar sent a further follow-up email.

4. On April 24, 2025, Ms. Chowdhury emailed Defendants' counsel requesting availability to conduct Defendants' deposition on or before April 30, 2025. Our office expressed that it was ready, willing, and able to accommodate any of Defendants' scheduling needs. Defendants' counsel failed to respond to Ms. Chowdhury's email.

5. On April 25, 2025, at 6:31 PM, Ms. Chowdhury sent another follow-up email reiterating her request for Defendants' availability for a deposition on or before April 30, 2025. To date, defense counsel has failed to respond.

6. On April 29, 2025, at 4:39 PM, Mr. Brar sent Defendants' counsel another email again reiterating our request for deposition availabiltiy. As of this writing, no response has been received.[1]

7. On April 30, 2025, at 5:14 PM, Mr. Brar left a voicemail for Defendants' counsel requesting a call back in an effort to meet and confer, select a firm deposition date for Defendants, avoid motion practice, and comply with this Court's directives. Said counsel has not yet returned Mr. Brar's phone call.

In light of Defendants and their counsel's repeated failures to cooperate, and in an effort to move the matter forward, we have recently filed a motion in the State action to compel the State Defendants to appear for deposition on a date certain. That motion is returnable May 30, 2025, before the Hon. Arthur F. Engoron.

In light of the foregoing, Plaintiff respectfully submits that the Court impose a six-month stay of this action, to avoid wasting resources and to allow time for Plaintiff's state court motion to be decided, or for the matter to otherwise progress. Plaintiff would then notify the Court promptly seeking to lift the stay once depositions have been conducted. Should the Court decline to enter a stay, Plaintiff will of course provide such continuing status reports as the Court deems necessary.

In advance of filing the instant application, the undersigned circulated this letter to opposing counsel and requested their consent to this application. As of this writing, no response has been received.

I extend my sincerest apologies to the Court for the continued and unforeseen delays. Please rest assured that my office remains fully committed to complying with your Honor's directives and is taking all appropriate steps to resolve the issues detailed herein. Should your Honor have any questions or concerns, please do not hesitate to contact the undersigned.

---

[1] *See* **Exhibit "A,"** email correspondences.

As always, your Honor's time and consideration is greatly appreciated.

Respectfully submitted,

/s/ David A. Bonilla /s/
David A. Bonilla, Esq.

CC:    Danielle Marryshow, A.U.S.A / United States Attorney's Office (*Via ECF Only*)

DAB/rc

ELEFTERAKIS, ELEFTERAKIS & PANEK
eeplaw.com   80 Pine Street, 38th Floor, New York, NY 10005   T: 212-532-1116   F: 212 532-1176